IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: 3DFX Interactive, Inc. | NO. C 09-02478 JW |
| | **ORDER DENYING MOTION FOR LEAVE TO APPEAL BANKRUPTCY ORDER** |

Presently before the Court is Carlyle Fortran Trust's ("Carlyle") Motion for Leave to Appeal. (hereafter, "Motion," Docket Item No. 1.) The Court finds it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court DENIES Carlyle's Motion for Leave to Appeal.

The historical facts of this case, with respect to the transaction between 3DFX and nVidia and 3DFX's subsequent bankruptcy are set forth in greater detail in the Court's September 29, 2006 Order Granting Defendant's Motion to Dismiss Carramerica's Third Amended Complaint in the Carramerica case. (See C 05-0428 JW, Docket Item No. 121.) The Court briefly reviews the relevant procedural history to the extent it implicates the present Motion.

On December 15, 2006, the Court issued an Order Granting Defendants' Motions to Dismiss Carlyle's Fourth Amended Complaint with prejudice. (hereafter, "December 15 Order," C 05-0427 JW, Docket Item No. 183.) On January 9, 2007, Carlyle filed a Notice of Appeal of the December 15 Order to the Ninth Circuit. (See C 05-0427 JW, Docket Item No. 202.) On September 11, 2008, the Bankruptcy Court entered judgment in favor of nVidia and dismissed all claims asserted by the

3DFX Bankruptcy Trustee ("Trustee").[1] On November 25, 2008, the Ninth Circuit issued a Memorandum affirming the December 15 Order dismissing Carlyle's Complaint. (See C 05-0427 JW, Docket Item No. 262.) On December 8, 2008, Carlyle filed a Motion for Clarification of the Court's Memorandum which stated, in pertinent part, that "the Trustee is deemed to have abandoned those claims alleged in Carlyle's complaint, which he did not pursue."[2] (See Carlyle RJN, Ex. C.) On January 22, 2009, the Ninth Circuit issued an Order Amending Memorandum which stated: "On remand, the district court is instructed to determine which of Carlyle's claims have been abandoned by the bankruptcy trustee, thus conferring standing on Carlyle to pursue those claims." (See id.) On March 11, 2009, Carlyle filed a Motion for Abandonment in the Bankruptcy Court. (See id.) On March 13, 2009, the Bankruptcy Court issued an Order denying Carlyle's Motion for Abandonment without prejudice. (hereafter, "Bankruptcy Court Order," Docket Item No. 1, Ex. 2.)

Carlyle now moves for leave to file an interlocutory appeal of the Bankruptcy Court Order on the grounds that the Bankruptcy Court erred when it: (1) denied Carlyle's Motion for Abandonment because Carlyle "lacked candor" and engaged in "mischief" before the Ninth Circuit,[3] (2) found that the Carlyle Claims would "revert to the debtor" upon abandonment,[4] and (3) did not find that the Carlyle Claims were of inconsequential value to the estate even though the Trustee is now time-barred from bringing the claims.[5]

A district court may grant leave to appeal an interlocutory order of a bankruptcy court "if the order on appeal involves a controlling question of law where there is substantial ground for difference of opinion and when the appeal is in the interest of judicial economy because an

---

[1] (See Request for Judicial Notice in Support of Carlyle Fortran Trust's Motion for Leave to Appeal, hereafter, "Carlyle RJN," Ex. C.)

[2] For identification purposes only, the Court will refer to the claims that Carlyle wishes to bring against nVidia as "the Carlyle Claims."

[3] (Motion at 8-10.)

[4] (Motion at 11-12.)

[5] (Motion at 12.)

United States District Court
For the Northern District of California

1  immediate appeal may materially advance the ultimate termination of the litigation." In re Travers,
2  202 B.R. 624, 626 (B.A.P. 9th Cir. 1996); In re Bertran, 215 B.R. 438, 441 (B.A.P. 9th Cir. 1997).
3  A question of law is "controlling" if "resolution of the issue on appeal could materially affect the
4  outcome of litigation" in the trial court. In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th
5  Cir. 1982).

6        First, the Court finds that the Bankruptcy Judge's comments regarding Carlyle's alleged lack
7  of candor before the Ninth Circuit are irrelevant to the question of whether an interlocutory appeal is
8  appropriate here.  The Bankruptcy Judge found that Carlyle "misled the Ninth Circuit" when it
9  stated in its Motion for Clarification that "the Trustee is deemed to have abandoned those claims
10 alleged in Carlyle's Complaint, which it did not pursue, and Carlyle should now be allowed to
11 pursue those claims against nVidia."  (Carlyle RJN, Ex. I at 42-43.)  Carlyle contends that in making
12 the statement which the Bankruptcy Judge attributes to it, "Carlyle was merely attempting to explain
13 to the Ninth Circuit that the Trustee had manifested a clear intent to abandon the Carlyle Claims."
14 (Motion at 8.)  The Court finds that regardless of what Carlyle intended when it represented to the
15 Ninth Circuit that "the Trustee is deemed to have abandoned" particular claims, the Bankruptcy
16 Judge found that Carlyle failed to make a sufficient showing that the Trustee had in fact abandoned
17 those claims.

18       Second, the Court finds that the issue of whether abandoned claims revert to the creditor or
19 to the debtor has no bearing on the dispositive question that was before the Bankruptcy Judge:
20 whether the Trustee abandoned the Carlye Claims.  The Bankruptcy Court Order stated, "[I]f these
21 claims were abandoned by Trustee, they would revert to the Debtor.  To acquire them, Carlyle
22 would necessarily have to buy them from the Trustee, or at least conceptually after abandonment,
23 from the Debtor."  (Carlyle RJN, Ex. I at 52:4-8.)  The question of who the claims would revert to
24 when the Trustee abandons them only comes into issue if and when there is a finding that the
25 Trustee did in fact abandon the claims.  Here, the only finding has been to the contrary, that the
26 Trustee has not yet abandoned the claims.  Thus, the issue of reversion of claims cannot constitute a
27 controlling question of law at this stage in the litigation.

28

Third, the Court finds that Carlyle seeks leave to appeal primarily on the ground that the Bankruptcy Judge erred in his findings of fact as to whether abandonment occurred, not in a controlling question of law. The Bankruptcy Court Order stated: "[T]here is no abandonment without proper notice to creditors . . . . At the time the District Court ruled on the Fourth Amended Complaint, and the time the Ninth Circuit ruled, there had been no abandonment. To this day, there has been no order authorizing abandonment." (Carlyle RJN, Ex. I at 48:14-50:7.) Carlyle contends that the Bankruptcy Judge erred in finding that the Trustee had not abandoned the Carlyle Claims because "the Trustee determined that the Carlyle Claims are of inconsequential value to the estate" and the "statute of limitations has run on the Carlyle Claims against the Trustee." (Motion at 12.) Whether or not the Carlyle Claims were of inconsequential value to the estate and whether the statute of limitations on those claims has run against the Trustee are mixed questions of law and fact. They cannot qualify as controlling questions of law. Since the Bankruptcy Order denied Carlyle's Motion for Abandonment without prejudice,[6] Carlyle is free to re-file its Motion and make the necessary showing that the Trustee has abandoned the Carlyle Claims. Accordingly, the Court DENIES Carlyle's Motion for Leave to Appeal.

Having denied Carlyle's Motion, the Court requires the parties to provide the Court with a status of this 2009 appeal. On or before **December 11, 2009**, the parties shall file an Interim Joint Case Management Statement detailing for the Court the current status of this case. The Statement shall include an explanation of which claims, if any, remain pending before this Court, and which, if any, remain pending before the Bankruptcy Court.

Dated: November 12, 2009

James Ware
JAMES WARE
United States District Judge

---

[6] (Carlyle RJN, Ex. I at 52:1-3, 60:8-10.)

4

**United States District Court**
For the Northern District of California

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  Amy Elizabeth Wallace amy.wallace@dlapiper.com
Aron Mark Oliner roliner@duanemorris.com
3  Betty Malka Shumener betty.shumener@dlapiper.com
Craig C. Chiang cchiang@buchalter.com
4  Douglas A. Applegate daa@sezalaw.com
Douglas G. Boven dboven@reedsmith.com
5  Frederick D. Holden fholden@orrick.com
Geoffrey A. Heaton gheaton@duanemorris.com
6  Henry H. Oh henry.oh@dlapiper.com
James Neil Kramer jkramer@orrick.com
7  Jenny L. Fountain jlfountain@murrraylaw.com
John M. Sorich jsorich@adorno.com
8  John Stephen Wesolowski john.wesolowski@usdoj.gov
Justin Myer Lichterman jlichterman@orrick.com
9  Karen Johnson-McKewan kjohnson-mckewan@orrick.com
Kim Y. Arnone karnone@buchalter.com
10  Lillian G. Stenfeldt lillian.stenfeldt@sdma.com
Matthew Jeffrey Shier mshier@pinnaclelawgroup.com
11  Monique Debrikka Jewett-Brewster mjewett-brewster@buchalter.com
Nanette Dumas Nanette.Dumas@USDOJ.gov
12  Ori Katz okatz@sheppardmullin.com
Robert Anthony Trodella rtrodella@hewm.com
13  Robert E. Izmirian rizmirian@buchalter.com
Robert Sullivan Gebhard robert.gebhard@sdma.com
14  Stephen Thomas O'Neill soneill@murraylaw.com
Tara Leigh Condon tara.condon@sdma.com

15

16

17  **Dated:  November 12, 2009**                              **Richard W. Wieking, Clerk**

18
                                                              **By:      /s/ JW Chambers                    **
19                                                                **Elizabeth Garcia**
                                                                  **Courtroom Deputy**
20

21

22

23

24

25

26

27

28